241 P.3d 797 (2010)
Terry POPE, a single man, and Kate Hanson, a single woman, Appellants,
v.
DOUGLAS COUNTY PUBLIC UTILITY DISTRICT NO. 1, Defendant,
Douglas County Fire District No. 3, and Bridgeport Fire Protection District No. 7 n/k/a Douglas-Okanogan Fire District No. 15, Respondents.
No. 28379-8-III.
Court of Appeals of Washington, Division 3.
August 31, 2010.
Publication Ordered October 14, 2010.
*798 Thomas David Benner, Attorney at Law, Brewster, WA, for Petitioners.
Christopher Joseph Kerley, Markus William Louvier, Evans, Craven & Lackie, P.S., Spokane, WA, for Respondents.
SWEENEY, J.
¶ 1 The public duty doctrine insulates a governmental entity from liability for acts or omissions when the duty is one owed to the public at large, as opposed to a specific individual. Here, a fire fighter working for a public fire district started a "backfire" that destroyed the plaintiffs' property. There is no showing that the district had any individualized duty to these landowners. We, therefore, affirm the summary dismissal of their claim based on the public duty doctrine.

FACTS
¶ 2 Terry Pope and Kate Hanson (Landowners) own property in Bridgeport, Washington. On September 30, 2006, they lost a partially constructed home and personal property to a fire. They claim the fire was started negligently by a fire fighter of the Bridgeport and Douglas County fire districts (Fire Districts).
¶ 3 The Douglas County Public Utility District No. 1(PUD) had been restoring power to power lines that had been downed by a fallen tree when the fire started south of the Landowners' property. Strong winds blew the fire toward the Landowners' property, but an irrigated orchard separated it from the fire. Apparently, a fire fighter started a backfire, a fire started to check an advancing fire by clearing an area, on the north side of *799 the orchard. The backfire spread to and destroyed the Landowners' property.
¶ 4 The Landowners filed a claim for damages against the Fire Districts. They then sued the Fire Districts and the PUD for negligence. The PUD was dismissed from the suit. The Fire Districts denied liability and then moved for summary judgment based on the public duty doctrine. The district court granted the Fire Districts' motion. And the superior court affirmed the district court.
¶ 5 The Landowners appealed.

DISCUSSION
¶ 6 This case was resolved by summary judgment so we view the facts in a light most favorable to the nonmoving partythe Landowners. Vergeson v. Kitsap County, 145 Wash.App. 526, 534, 186 P.3d 1140 (2008). That approach is important here because the Landowners argue that there were a number of unresolved factual issues that should have precluded summary dismissal of their claim; specifically, did the fire fighter who started the fire that consumed their property misinterpret instructions from a commander ? Did the fire fighter ignore the fire fighting strategy ? Did the Fire Districts ignore the protocols and professional responsibilities associated with their work ? Ultimately, the Landowners argue that the public duty doctrine does not apply here and that the Fire Districts should be liable for their negligence and the negligence of their employees.
¶ 7 The question, then, is whether the Landowners have adequately shown that the Fire Districts owed an individualized duty to them as opposed to a duty to the public in general. That is a question of law, so our review is de novo. Osborn v. Mason County, 157 Wash.2d 18, 22-23, 134 P.3d 197 (2006).
¶ 8 The Fire Districts are governmental entities. And a governmental entity is not liable in negligence unless a plaintiff can show that the entity breached a duty that was owed to the plaintiff individually rather than the public in general. Vergeson, 145 Wash.App. at 535, 186 P.3d 1140. There are exceptions: (1) legislative intent, (2) failure to enforce, (3) the rescue doctrine, and (4) a special relationship. Id. at 537, 186 P.3d 1140. But there is no argument that any of these exceptions apply here. The Landowners' essential argument is that the public duty doctrine does not apply because the Fire Districts' acts or omissions were operational rather than policy.
¶ 9 The public duty doctrine rests on the notion that a duty to the public in general is a duty to no one in particular, here, the Landowners. J & B Dev. Co. v. King County, 100 Wash.2d 299, 304, 669 P.2d 468 (1983), overruled on other grounds by Taylor v. Stevens County, 111 Wash.2d 159, 759 P.2d 447 (1988). And, while the doctrine may have evolved away from its original doctrinal purpose,[1] its current application is not complicated.
¶ 10 The Landowners must show a duty that the Fire Districts owed to them specifically and not to the public at large. Without that individualized duty, we need go no further in analyzing what errors the Fire Districts or its employees might have made. Duty is the first and essential step in any negligence analysis. Rasmussen v. Bendotti, 107 Wash.App. 947, 955, 29 P.3d 56 (2001). Whether or not a duty exists is, again, a question of law. Osborn, 157 Wash.2d at 22-23, 134 P.3d 197. The Landowners showed that a single fire fighter started a backfire, unnecessarily and improperly, that destroyed their property. We assume the truth of those assertions, but they do not address the threshold question of whether these Fire Districts had a duty to these Landowners, as opposed to the public at large. And, on that crucial question, the Landowners offer nothing.
¶ 11 A "backfire" is "a fire started to counter an advancing forest or prairie fire to check the latter by clearing an area." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY *800 158 (1993). Lighting backfires, then, would certainly fall within the ambit of a fire fighter's duties. And, again, "the `public duty doctrine' ... provides immunity to fire fighters in the performance of their duties" unless a plaintiff can show that an exception to the doctrine applies. Babcock v. Mason County Fire Dist. No. 6, 144 Wash.2d 774, 777, 30 P.3d 1261 (2001). Because the Landowners have not shown an exception applies here, the Fire Districts are not liable for the Fire Districts' or the fire fighter's negligence, if any.
¶ 12 The Landowners urge that application of the public duty doctrine here effectively ignores legislative abolition of sovereign immunity. Chambers-Castanes v. King County, 100 Wash.2d 275, 281, 669 P.2d 451 (1983). Not exactly. Sovereign immunity "admits the existence of a duty and a tort for its breach, but denies liability because of immunity." Oberg v. Dep't of Natural Res., 114 Wash.2d 278, 289, 787 P.2d 918 (1990). No duty has been admitted here. The Landowners have failed to show an individualized duty, which they had to do to survive summary judgment and to ultimately prevail on their claim. Babcock, 144 Wash.2d at 785, 30 P.3d 1261 (government entity is not liable for its public official's negligence unless plaintiff proves existence of an individualized duty). Summary judgment is proper when a plaintiff fails to produce sufficient evidence of an essential element of his or her case; that failure renders all other facts immaterial. Young v. Key Pharms., 112 Wash.2d 216, 225, 770 P.2d 182 (1989).
¶ 13 The trial court properly dismissed the Landowners' complaint. We affirm the summary dismissal.
WE CONCUR: KORSMO, A.C.J., and BROWN, J.
NOTES
[1] Cummins v. Lewis County, 156 Wash.2d 844, 861, 133 P.3d 458 (2006) (Chambers, J., concurring).